# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

MARCO THONY CADEJUSTE,

     Plaintiff,

v.                                   Case No. 4:26-cv-205-TKW/MJF

J. DEAN, *et al.*,

     Defendants.

                                       /

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Plaintiff has incurred three "strikes" and is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the District Court should dismiss this case.

### BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") whom the FDC is confining at the Santa Rosa Correctional Institution. Doc. 1. Plaintiff alleges that Defendants violated the Eighth Amendment when they injured him and denied him medical care. *Id.*

### DISCUSSION

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner

previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting that a "prisoner must pay the full filing fee at the time he initiates suit") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)).

Plaintiff has incurred *at least* three strikes under section 1915(g):

- *Cadejuste v. Dade Corr. Inst., et al.*, No. 1:25-cv-25355-RS (M.D. Fla.) (dismissing Plaintiff's complaint as a "shotgun" pleading that failed to state a plausible claim for relief);

- *Cadejuste v. City of Ft. Pierce, et al.*, No. 2:23-cv-14274-DMM (M.D. Fla.) (dismissing Plaintiff's complaint for failure to state a plausible claim for relief); and

- *Cadejuste v. Inch, et al.*, No. 4:21-cv-290-WS-MAF (N.D. Fla.) (dismissing Plaintiff's complaint as frivolous).

Because Plaintiff has incurred *at least* three strikes, Plaintiff may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). To fall within this exception, Plaintiff's complaint must include "specific, credible

allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations are insufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff alleges only that he suffered one incident of *past* mistreatment—in January 2026—and does not allege any ongoing mistreatment. Thus, Plaintiff fails to allege that he is in "imminent" danger of serious physical injury. Accordingly, Plaintiff is barred from proceeding *in forma pauperis*.

### CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(g).

2. **DIRECT** the clerk of the court to terminate all pending motions and to close this case file.

At Pensacola, Florida, this <u>14th</u> day of May 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, they must raise this issue in an objection to this report and recommendation.**