**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**MARCO THONY CADEJUSTE,**

     **Plaintiff,**

**v.**                          **Case No.  4:26-cv-205-TKW-MJF**

**J. DEAN, et al.,**

     **Defendants.**

                                /

## ORDER

The magistrate judge recommended dismissal of this case under the "three-strikes statute," 28 U.S.C. §1915(g). *See* Doc. 4.  Plaintiff filed an objection, arguing that one of the prior cases cited by the magistrate judge—S.D.[1] Fla. Case No. 1:25-cv-26355—does not count as a strike because that case was dismissed on "shotgun pleading" grounds.  *See* Doc. 5.

The Eleventh Circuit has held that a case counts as a strike even if the dismissal order does not specifically state that the complaint was dismissed because it was frivolous, malicious, or failed to state a claim so long as the dismissing court "signals" that the case was dismissed on one of those grounds.  *Wells v. Brown*, 58 F.4th 1347, 1359 (11th Cir. 2023).  "The signal could include, for example, some

---

[1]  This case and one of the others cited by the magistrate judge were identified as having been filed in the Middle District, but they were actually filed in the Southern District.

statement that the dismissal was based on rule 12(b)(6), that the allegations did not plausibly state a claim, that <u>the complaint failed to give a short and plain statement showing that the plaintiff is entitled to relief as required by rule 8</u>, or that the complaint fell short under [*Twombly* and *Iqbal*]." *Id.* (emphasis added).

Here, the dismissal order in challenged case stated that the operative complaint "specifically violates Rule 8 of the Federal Rules of Civil Procedure" because it "is not 'short and plain' nor 'simple, concise, and direct' and <u>fails to show the Court that Plaintiff 'is entitled to relief.'</u>" S.D. Fla. Case No. 1:25-cv-26355, ECF No. 15, at 6 (citing Fed. R. Civ. P. 8(a)(2), (d)(1)) (emphasis added).  That is a clear signal that the case was dismissed for failure to state a claim.  *See Poole v. Bradshaw*, 2024 WL 1675304, at *3 (S.D. Fla. Apr. 17, 2024) (finding that dismissal on shotgun pleadings grounds counts as a strike).  Thus, the magistrate judge correctly determined that the case counted as a "strike."

Because Plaintiff is a "three-striker," he is barred from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915(g).  That exception does not apply here because the claim asserted in the complaint is based on a past incident of mistreatment, not ongoing mistreatment.

Accordingly, for the reasons stated above, it is **ORDERED** that:

1.      The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2.      Plaintiff's motion to proceed in forma pauperis (Doc. 2) is DENIED, and this case is DISMISSED without prejudice under the "three-strikes statute," 28 U.S.C. §1915(g).

3.      The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 1st day of June, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**